The Court at General Term, held:
“We concur in all that was then said by the learned chief judge. If *557 anything, the plaintiffs case is presented more strongly now than it was then. The appellant does not seem to see the distinction between the case under consideration and those cited by him. In Morgan v. Smith, 70 N. Y. 545, and Palmer v. Purdy, 83 Ib. 144, 149, there was an express reservation by the. creditor of his rights and remedies against the sureties, and the circumstances were such as permitted such a reservation. But in the present case, the findings supported by satisfactory evidence show that the creditor’s claim was discharged.' The appellant claims that Bayliss on Sureties, p. 328, sustains his point that, “ if a surety pays in ignorance of the facts, and of a good defense, it is not voluntary, and he may recover of his principal.” If he will carefully read the authority he cites, he will find that the proposition he advances is there said to be true, only when the surety has so acted without negligence. In the case under consideration the duty of making inquiry rested with the plaintiff, and therefore care and caution in acting as he did cannot properly be claimed to have been exercised. We have examined all the other authorities presented by the appellant but consider them inapplicable to the case presented on this appeal.”
Charles Dexheimer, and Edward Whitney Hall, for appellant.
John P. Schmitt, for respondent.
Opinion by Dugro, J. , Truax, J., concurred.
Judgment affirmed with costs.